Eastern District of Kentucky
F I L E D

AUG 1 7 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-444-GWU

CHARLOTTE A. JENKINS,                                        PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative decision of the Department of Health and Human Services, pursuant to the provisions of the Social Security Act; at issue is the denial of her application for Disabled Widow's Insurance Benefits (WIB). The case is currently before the Court on cross-motions for summary judgment.

## WIB

With respect to the plaintiff's widow's insurance benefits, the medical evidence relating to such claims filed on or after January 1, 1991, or applications pending on or after that date, are to be evaluated under the same standards as are applied to other Title II disability claims. Omnibus Budget Reconciliation Act

1

Jenkins

(OBRA) of 1990, Pub. L. No. 101-508, Section 5103. Accordingly, a review of the principles applicable to judicial review of these other claims is necessary.[1]

## DISABILITY STANDARDS

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).

_____

[1]Other requirements for Widow's benefits were not at issue in the present case.

2

Jenkins

Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the

3

Jenkins

capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

4

Jenkins

## DISCUSSION

The plaintiff's mental restrictions were not fully taken into account. The only examiner to complete a detailed mental functional capacity evaluation form was Robert Spangler.[2]   Spangler cited several severe restrictions not included in the hypothetical. (Tr. 230-231). Non-Examining Medical Reviewer Edward Ross saw the record before Spangler's evidence was introduced (Tr. 195); hence, could not rebut it. While the opinion of a non-examining expert may be accepted over that of an examiner, the non-examiner must have had the benefit of the review of the entire record and clearly stated the reason that his opinion differed from that of the examiner. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Thus, the case must be remanded.

The Court also has some reservations about the assessment of the plaintiff's physical status. Consultative Examiner Mark Burns implied that Jenkins had to be cleared by her cardiologist before she could participate in "any . . . activities . . . involving . . . lifting, carrying, handling objects . . . ." (Tr. 217). The subsequent notation of her cardiologist that her activity was "limited" until the results of a

---

[2]The other mental health examiner was Kevin Eggerman, who only made several "commentary" statements near the end of his report. (Tr. 191-192). He did not specifically address the personal/social abilities and factors such as attention and concentration, functioning independently, as Spangler had. (Tr. 230-231). Thus, Eggerman did not fully rebut the Spangler opinion.

5

Jenkins

Thallium stress test were known (Tr. 235) does not appear to be such a clearance.

The ALJ's own layman's focus/interpretation of the evidence known to the

cardiologist at the time he made the "limited" statement as being "normal" (Tr. 21)

is insufficient.   Clearly, this was sufficient ambiguity for the ALJ to engage in a

medical reviewer's opinion or to further inquire to the cardiologist.

This case will be remanded.

This the ___/7___ day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE